NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2519
_____

AMERICAN PATRIOT AMBULANCE SERVICE INC., d/b/a Patriot Ambulance,

Appellant,

v.

ZOLL DATA SYSTEMS INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cv-01709)
District Judge: Paul S. Diamond
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 20, 2022


Before: CHAGARES, *Chief Judge*, McKEE,* and PORTER, *Circuit Judges*

(Opinion filed: December 22, 2022)

_____

OPINION*
_____


McKEE, *Circuit Judge*:

_____

* Judge McKee assumed senior status on October 21, 2022.
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

American Patriot Ambulance Service Inc. ("American Patriot") appeals the District Court's denial of its motions to amend the judgment and to file an amended complaint.[1] For the reasons set forth below, we will affirm.

The District Court granted Defendant Zoll Data System Inc.'s motion to dismiss the complaint with prejudice. Thereafter, American Patriot moved to amend the judgment pursuant to Federal Rule of Civil Procedure 59 and also moved to file an amended complaint in the event the District Court granted the motion to amend the judgment. A district court may only grant a Rule 59 motion if the party seeking reconsideration demonstrates one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[2] American Patriot moved for reconsideration based on newly discovered evidence. The District Court denied American Patriot's Rule 59 motion because the evidence American Patriot presented was not newly discovered.[3]

We will affirm the District Court's denial of the Rule 59 motion because American Patriot has conceded that the evidence was not newly discovered. The

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We review a district court's order denying a motion for reconsideration for abuse of discretion. *Long v. Atl. City Police Dep't*, 670 F.3d 436, 446 (3d Cir. 2012).

[2] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

[3] App. 3a-4a. Alternatively, the District Court denied the Rule 59 motion as untimely. App. 3a. We need not address this alternative basis for denial.

judgment dismissing the action with prejudice remains unaltered; therefore, we will also affirm the District Court's denial of American Patriot's motion to amend the complaint.